Filed 10/25/24  P. v. Caceres CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B332585 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA070847) |
| v. | |
| JAIME CACERES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Jaime Caceres, in propria persona; and Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Jaime Caceres appeals from an order denying his petition for resentencing under Penal Code[1] section 1170.03, which the trial court treated as a petition for resentencing under section 1170, subdivision (d)(1). As such, the trial court denied the petition, and Caceres appealed. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Caceres filed a supplemental brief. The trial court did not err in denying the petition.

A jury convicted Caceres of first degree murder (§ 187, subd. (a); count 1), two counts of attempted murder (§§ 664, 187, subd. (a); counts 2 & 3); and conspiracy to commit a crime (§ 182, subd. (a)(1); count 4). In 1995, the trial court sentenced Caceres, on count 1, to 25 years to life plus one year for a firearm enhancement (§ 12022, subd. (a)(1)) and on count 2, to a consecutive life term. On count 3, the trial court sentenced Caceres to a concurrent life term, and on count 4 to 25 years to life, stayed under section 654. Caceres was 16 years old when he committed his crimes.

In 2023, Caceres petitioned for resentencing. In his petition, Caceres argued that "sentencing enhancements and juv[enile] policies must apply with equal force to sentences where the judgment is final" and that his sentence was no longer appropriate because he was a juvenile when he committed his crimes.

On July 7, 2023, the trial court denied the petition, stating that Caceres was sentenced to a "series of indeterminate sentences" and not to life without parole or its functional

---

[1] All further undesignated statutory references are to the Penal Code.

equivalent.[2]  Rather, according "to California Department of Corrections and Rehabilitation (CDCR) records,"[3] Caceres had been eligible for parole in 2016, was denied parole in 2017 after a parole hearing, and was scheduled to have another parole hearing in April 2024.

This appeal followed.  Caceres's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo, supra*, 14 Cal.5th 216.  Caceres has submitted a supplemental brief in which he reiterates that he was a juvenile when he committed his crimes and, as such, should be afforded relief based on the evolving understanding of juvenile criminal culpability.

On its face, section 1170, subdivision (d), applies to juveniles sentenced to explicit life without parole.  Courts of appeal have also held that the constitutional right to equal protection of the laws requires the section to be applied to juveniles sentenced to the functional equivalent of life without parole.  (*People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [juvenile sentenced to indeterminate 130 years to life plus determinate 10 years]; accord, *People v. Heard* (2022) 83 Cal.App.5th 608, 612 [juvenile sentenced to indeterminate 80 years to life plus

---

[2]      In so stating, the trial court appears to have relied on the minute order from codefendant Dennis Canjura's sentencing hearing.  In Caceres's opening brief on appeal, his counsel relied on the sentence imposed on Canjura.  We directed appellant's counsel to obtain a minute order or other document showing the sentence imposed on his client, Caceres.  We have supplemented the record with those documents.

[3]      Those records are not in the record on appeal.

3

determinate 23 years].)  Caceres was sentenced to 25 years to life plus one year and to a consecutive life term.  He was therefore neither sentenced to explicit life without parole nor to its functional equivalent.  Accordingly, the trial court did not err in denying Caceres's petition for resentencing.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.

4